**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **RONALD WEINBERG** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:25-cv-12987-JEK |
| **v.** ) | |
| ) | |
| **HORNBLOWER CRUISES AND** ) | |
| **EVENTS, LLC,** ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**DEFENDANT, HORNBLOWER CRUISES AND EVENTS, LLC'S, ANSWER TO
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, the Defendant, Hornblower Cruises and Events, LLC, ("Defendant") by and through its undersigned attorneys, Eckland & Blando LLP, who respectfully responds to the Plaintiff, Ronald Weinberg's ("Plaintiff") Complaint and Demand for Jury trial ("Plaintiff's Complaint") as follows:

**GENERAL FACTUAL ALLEGATIONS**

1.  The allegations in Paragraph 1 of Plaintiff's Complaint are denied for lack of sufficient information to support a belief therein.

2.  Defendant denies the allegations of Paragraph 2.

3.  The allegations in Paragraph 3 contain legal conclusions which do not require a response from Defendant. To the extent a response is required, the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4.  The allegations in Paragraph 4 contain legal conclusions which do not require a response from Defendant. To the extent a response is required, the allegations of Paragraph 4 of Plaintiff's Complaint are denied.

5. Defendant denies the allegations of Paragraph 5.

6. The Defendant admits that, on or about May 22, 2025, Plaintiff, Ronald Weinberg, was a member of the crew of the M/V MICKEY MURPHY. Any remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are legal conclusions, and, to the extent a response is required, those remaining allegations are denied.

7. Defendant denies the allegations of Paragraph 7.

8. The allegations in Paragraph 8 contain legal conclusions which do not require a response from Defendant. To the extent a response is required, the allegations of Paragraph 8 of Plaintiff's Complaint are denied.

9. The allegations in Paragraph 9 of Plaintiff's Complaint contain statements of law, requiring no answer of Defendant. To the extent an answer is required, the allegations of Paragraph 9 are denied.

10. The allegations in Paragraph 10 of Plaintiff's Complaint contain statements of law, requiring no answer of Defendant. To the extent an answer is required, the allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 contain legal conclusions and statements of law which do not require a response from Defendant. To the extent a response is required, the allegations in Paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations of Paragraph 12 contain legal conclusions and statements of law which do not require a response from Defendant. To the extent a response is required, the allegations in Paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are denied.

**JURISDICTION**

14. The allegations in Paragraph 14 contain jurisdictional statements and statements of law which do not require a response from Defendant. To the extent a response is required, the allegations in Paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations of Paragraph 15 contain jurisdictional statements and statements of law which do not require a response from Defendant. To the extent a response is required, the allegations in Paragraph 15 of Plaintiff's Complaint are denied.

**COUNT I**
**Ronald Weinberg v. Hornblower Cruises and Events LLC**
**(JONES ACT NEGLIGENCE)**

16. Defendant reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 15 above, inclusive, and incorporates same by reference herein.

17. Defendant denies the allegations of Paragraph 17, including subparagraphs a, b, c, d, e, f, g, and h.

18. Defendant denies the allegations of Paragraph 18.

19. The allegations in Paragraph 19 of Plaintiff's Complaint contain legal conclusions and statements of law, which do not require a response from Defendant. To the extent a response is required, the allegations in Paragraph 19 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, Hornblower Cruises and Events, LLC prays that Count I of Plaintiff's Complaint be dismissed together with costs and attorneys' fees.

**COUNT II**
**Ronald Weinberg v. Hornblower Cruises and Events LLC**
**(GENERAL MARITIME LAW – UNSEAWORTHINESS)**

20. Defendant reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 19 above, inclusive, and incorporates same by reference herein.

3

21. Defendant denies the allegations of Paragraph 21, including subparagraphs a, b, and c.

22. Defendant denies the allegations of Paragraph 22.

23. The allegations in Paragraph 23 of Plaintiff's Complaint contain legal conclusions and statements of law, which do not require a response from Defendant. To the extent a response is required, the allegations of Paragraph 23 are denied.

WHEREFORE, Defendant, Hornblower Cruises and Events, LLC prays that Count II of Plaintiff's Complaint be dismissed together with costs and attorneys' fees.

## COUNT III
### Ronald Weinberg v. Hornblower Cruises and Events LLC
### (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

24. Defendant reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 23 above, inclusive, and incorporates same by reference herein.

25. Defendant denies the allegations of Paragraph 25.

WHEREFORE, Defendant, Hornblower Cruises and Events, LLC prays that Count III of Plaintiff's Complaint be dismissed together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

NOW COMES, the Defendant, Hornblower Cruises and Events, LLC, and incorporates the following Affirmative Defenses into each and every cause of action contained in its Answer to the Plaintiff's Complaint as follows:

1. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that the causes of action contained in Plaintiff's Complaint fail to state causes of action under Fed. R. Civ. P. 12(b)(6).

2. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which

is specifically denied, Defendant states that Plaintiff's Complaint is barred by virtue of the doctrine of estoppel and/or the doctrine of waiver.

3. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Defendant states that Plaintiff's Complaint is barred under the doctrine of Superseding or Intervening Cause.

4. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Defendant states that Plaintiff's Complaint is barred under the doctrine of laches, the Statute of Limitations, and/or the Statute of Repose.

5. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, it was due in whole or in part to Plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge legally required of him and reasonably to be expected of an individual of Plaintiff's experience and not due to any negligence or fault on the part of Defendant or any persons for whom Defendant may be legally responsible.

6. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom Defendant is not legally responsible.

7. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which

is specifically denied, such injuries were caused by an open and obvious condition for which Defendant is not legally responsible.

8. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, said damages were sustained as a result of an Act of God, for which Defendant is not legally responsible.

9. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, the Plaintiff carelessly and negligently conducted himself and that he, by his own negligence, contributed directly and proximately to his own alleged injuries and damages, and accordingly, the Plaintiff's claims are barred, in whole or in part by the doctrine of comparative negligence. In the alternative, Defendant is entitled to a set off in proportion to Plaintiff's negligence or fault.

10. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured as alleged, which is specifically denied, Plaintiff's alleged injuries are wholly unrelated to, and were not caused by any act or omission by Defendant.

11. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, any recovery by Plaintiff is barred or should be reduced as the Plaintiff failed to mitigate any alleged injuries or damages.

12. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Plaintiff's alleged injuries pre-existed any alleged incident.

13. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, it acted reasonably and in good faith, and with due care for the rights and safety of Plaintiff.

14. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, under the doctrines of contribution and indemnification, persons or entities other than Defendant are wholly or partially responsible for whatever damages, if any, are alleged in Plaintiff's Complaint.

15. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of Defendant, and Defendant is entitled to an exoneration and/or limitation of its liability under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501-30512, which is adjudicated by this Honorable Court and not by a jury.

16. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, said alleged damage was the result of an unavoidable accident for which the Defendant is not legally responsible.

17. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Defendant states that Plaintiff's alleged damages were the result of an unforeseeable intervening cause for which Defendant was not responsible and thus the Plaintiff's Complaint should be dismissed.

18. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Defendant states that Plaintiff has failed to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

19. AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Defendant states that if Plaintiff was injured in the manner alleged, which is specifically denied, Defendant states that it hereby gives notice that it intends to rely upon other such defenses as may become available or apparent during the course of discovery and/or as may be asserted by other parties to litigation arising out of the alleged incident, and they thus reserve the right to amend its Answer and Affirmative Defenses to assert such defenses.

WHEREFORE, Defendant, Hornblower Cruises and Events, LLC, prays that Plaintiff's Complaint be dismissed together with costs and attorneys' fees.

**Defendant, Hornblower Cruises and Events, LLC demands trial by jury on all issues raised in Plaintiff's Complaint and Demand for Jury Trial and Defendant, Hornblower Cruises and Events, LLC's Answer and Affirmative Defenses, with the exception of the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501- 30512, which is unique for this Honorable Court's determination.**

ECKLAND & BLANDO LLP

Defendant, Hornblower Cruises and Events, LLC

By its attorneys,

Date: November 18, 2025

/S/ SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO No. 670232)
555 Pleasant Street, 2C
New Bedford, MA 02740
(617) 217-6936
sblatchley@ecklandblando.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, a copy of the foregoing was filed through the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system such that all appearing counsel have been served with this document by electronic means.

/S/SAMUEL P. BLATCHLEY